IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00998-BNB

GREGORY A. MILTON,

    Applicant,

v.

CHARLES A. DANIELS,

    Respondent.

ORDER OF DISMISSAL

    Applicant, Gregory A. Milton, is in the custody of the United States Bureau of Prisons and currently is incarcerated at the United States Penitentiary in Florence, Colorado.  Mr. Milton, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 requesting that the Court vacate his conviction and sentence.  The Court must construe the Application liberally because Mr. Milton is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court cannot act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the action will be dismissed.

    Mr. Milton was tried and convicted in the United States District Court for the Western District of Virginia, Harrisonburg (Western District of Virginia), of conspiracy to distribute crack cocaine, 21 U.S.C. § 846; interference with commerce by threat or violence, 18 U.S.C. § 1951 and 2; and robbery related murder, 18 U.S.C. § 924(c) and (i)(1) and (2).  *United States v. Milton*, No. 95-cr-00074-SGW, Doc. No. 197 (W.D. Va.

Oct. 28, 1996). He was sentenced to concurrent life terms on the conspiracy and the interference with commerce convictions and to a consecutive life term on the firearm charge. *Id.* Mr. Milton appealed his conviction, but the conviction was affirmed. *United States v. Milton*, 153 F.3d 724 (4th Cir. Aug. 4, 1998) (unpublished). Mr. Milton's petition for certiorari review of his conviction was denied by the Supreme Court on January 11, 1999. *Milton v. United States*, 525 U.S. 1092 (1999).

A review of the court docket for the Western District of Virginia indicates that Mr. Milton filed a § 2255 motion on January 13, 2000, that was denied on August 1, 2001. *See Milton v. United States*, No. 00-cv-00031-SGW, Doc. No. 49 (W.D. Va. Aug. 1, 2001). Prior to and after the denial of the motion, Mr. Milton inundated the Western District of Virginia with motions, including at least two motions to reconsider, a motion to amend the § 2255 motion, a motion to hold in abeyance, motion to strike opposition response, motion for evidentiary hearing, motion to expand the record, motion to stay interlocutory appeal, and motion for judgment on the pleadings. *Id.* Mr. Milton then appealed the denial of the § 2255 motion, and the Fourth Circuit dismissed the appeal on April 12, 2002. *See United States v. Milton*, No. 01-7813 (4th Cir. 2002). The United States Supreme Court denied Mr. Milton's petition for certiorari review on November 4, 2002. *Milton v. United States*, 537 U.S. 1011 (2002).

Starting again in 2003, Mr. Milton filed various motions, including a motion to reconsider, which the Western District of Virginia denied on June 8, 2004, as a successive petition. *See* No. 00-cv-00031 at Doc. No. 49. Mr. Milton also filed a motion to correct scrivener's error, motion to alter or amend judgment, and motion for additional findings. Mr. Milton appealed the Western District's June 8 order, which the Fourth

Circuit construed as an application to file a second or successive motion under § 2255 and denied. *United States v. Milton*, No. 05-6215 (4th Cir. Aug. 1, 2005) (unpublished). Mr. Milton filed a petition for rehearing, which was denied on October 4, 2005. *Id.* Mr. Milton then filed two motions to reconsider, which the Western District found raised the same arguments as Mr. Milton had raised in earlier motions to reconsider. No. 00-cv-00031 at Doc. Nos. 69 and 71. Mr. Milton appealed. The appeal and Mr. Milton's petition for rehearing were denied. *United States v. Milton*, No. 06-6329 (4th Cir. May 24, 2006).

Mr. Milton also filed a second § 2255 motion in the Western District of Virginia on January 12, 2006, in light of *United States v. Booker*, 543 U.S. 220 (2005). The Western District of Virginia denied the motion as successive and dismissed the action for lack of jurisdiction. *See Milton v. United States*, No. 06-cv-00023-SGW (W.D. Va. Jan. 20, 2006) (unpublished).

Mr. Milton then filed a motion to reduce his sentence regarding the crack cocaine offense that was denied, as was his motion to reconsider. No. 95-cr-00074-SGW at Doc. Nos. 268 and 271. The denial was affirmed on appeal. *United States v. Milton*, No. 08-7473 (4th Cir. Oct. 20, 2008) (unpublished). On June 22, 2009, Mr. Milton filed a petition for writ of audita querela, which the Western District dismissed as frivolous. *See* No. 95-cr-00074-SGW at Doc. Nos. 285 and 288. Mr. Milton filed a motion to reconsider the petition, which was denied. *Id.* at Doc. Nos. 289 and 290. He appealed the denial, and the Fourth Circuit affirmed. *See United States v. Milton*, No. 09-8130 (4th Cir. Feb. 26, 2010) (unpublished). Finally, on February 28, 2011, Mr. Milton filed a motion for equitable relief. The Western District construed the motion as filed pursuant

to § 2255 and dismissed it as successive. *See* No. 95-cr-00074-SGW at Doc. Nos. 302 and 303. Mr. Milton appealed the denial, and the Fourth Circuit denied a certificate of appealability and dismissed the appeal. *United States v. Milton*, No. 11-6729 (4th Cir. Oct. 5, 2011) (unpublished).

On two occasions--March 8, 2005, and December 2, 2008--the Fourth Circuit summarily denied Mr. Milton authorization to file a successive application. *See United States v. Milton*, No. 08-0327 (Jan. 8, 2009); *United States v. Milton*, No. 05-0188 (4th Cir. Apr. 7, 2005).

Mr Milton now seeks relief from his sentence in this Court under § 2241. Mr. Milton asserts that the successive habeas provisions are unconstitutional because the corresponding statutory provisions in § 2255(h)(1) and 28 U.S.C. § 2244(b)(C)(3) are incoherent and promote arbitrary decisions in cases where a prisoner is seeking permission to file a successive § 2255 motion based on actual innocence. Mr. Milton also asserts that he has newly discovered evidence that was obtained too late to be utilized in his initial § 2255 proceedings and that demonstrates he is innocent. Mr. Milton concedes that the sentencing court has acknowledged his actual innocence claim but has left the claim unresolved.

"A federal prisoner may file a § 2241 application to challenge the legality of his conviction under the limited circumstances provided in the so-called savings clause of § 2255. Pursuant to this savings clause, a § 2241 [application] may be appropriate if the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [an applicant's] detention." *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (citing 28 U.S.C. § 2255(e); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)). The

4

narrow reading of the savings clause is well established in the Tenth Circuit.  *See Prost v. Anderson*, 636 F.3d 578, 588 (10th Cir. 2011).  Rarely is a remedy inadequate or ineffective to challenge a conviction in a § 2255 motion.  *Brace*, at 1169 (citing *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010) (erroneous decision on a § 2255 does not necessarily render the § 2255 remedy inadequate or ineffective)); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances.") .

The remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief.  *See Caravalho*, 177 F.3d at 1178.  Mr. Milton does not assert any of these circumstances.

A § 2255 motion also may be inadequate and ineffective where the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates an applicant is actually innocent.  *United States v. Apodaca*, 90 F. App'x 300, 303 n.8 (10th Cir. Jan. 30, 2004) (unpublished) (citing *Reyes-Requena v. United States*, 243 F.3d 893, 902 n.20 (5th Cir. 2001) (allowing a habeas corpus application pursuant to § 2241 on a showing of actual innocence)).  The Tenth Circuit, however, has explicitly declined to adopt the *Reyes-Requena* test.  *See Prost*, 636 F.3d at 593-94.  Furthermore, both the erroneous circuit foreclosure test, *see In re Davenport*, 147 F.3d 605, 610 (7th Cir. 1998), and a novel argument for relief, are rejected by the Tenth Circuit as a way to invoke the savings clause and proceed to § 2241.  *Prost*, 636 F.3d at 593-94.

Finally, Mr. Milton bears the burden of demonstrating that the remedy in § 2255 is inadequate or ineffective. *Id.* at 584. The sentencing court's denial of Mr. Milton's first § 2255 motion on the merits and his subsequent § 2255 motion and motions to reconsider as successive, and the Fourth Circuit's denial of his requests to file a successive § 2255 petition, do not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Bradshaw*, 86 F.3d at 166 (quoting *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) ("Failure to obtain *relief* under § 2255 does not establish that the *remedy* so provided is either inadequate or ineffective.").

"[A] prisoner can proceed to § 2241 only if his initial § 2255 motion was *itself* inadequate or ineffective to the task of providing the [applicant] with a *chance* to *test* his sentence or conviction." *Prost*, 636 F.3d at 587. Nothing Mr. Milton asserts supports a finding that his initial § 2255 motion was inadequate or ineffective. The Court, therefore, finds that the Application should be denied because Mr. Milton fails to demonstrate the remedy available to him in the sentencing court pursuant to § 2255 was inadequate or ineffective.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Milton files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because Mr. Milton fails to assert that his remedy in the United States District Court for the Western District of Virginia, Harrisonburg, is ineffective and inadequate.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   27th   day of    April        , 2012.

BY THE COURT:

   s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court