IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00998-LTB

GREGORY A. MILTON,

    Applicant,

v.

CHARLES A. DANIELS,

    Respondent.

---

ORDER DENYING MOTION FOR RECONSIDERATION

---

    The matter before the Court is the "Motion for Reconsideration of this Court's Order Dismissing § 2241" that Applicant Gregory A. Milton, a *pro se* prisoner litigant, filed on May 7, 2012.  Mr. Milton is in the custody of the United States Bureau of Prisons and currently is incarcerated at the United States Penitentiary in Florence, Colorado. Mr. Milton seeks reconsideration of the Order of Dismissal and the Judgment entered on April 27, 2012.  The Court must construe the Motion liberally because Mr. Milton is proceeding *pro se.  See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, the Court will deny the Motion.

    Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment.  *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). This action was dismissed and a judgment was entered on April 12, 2012.  A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of

that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Milton's Motion for Reconsideration pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered in this action on April 12. *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

Mr. Milton contends that the Court failed to address the question left open in *Prost v. Anderson*, 636 F.3d 578 (10th Cir. 2011), which is the role the savings clause plays in successive collateral attacks authorized under § 2255(h). As the Court found in the April 27 Order of Dismissal, like the § 2241 action in *Prost*, nothing Mr. Milton presents satisfies subsection (h). Furthermore, nothing he asserts identifies what provision of the Constitution is offended by the imposition of this subsection. The Motion for Reconsideration, therefore, will be denied. Accordingly, it is

ORDERED that Mr. Milton's Motion for Reconsideration, Doc. No. 7, is denied.

DATED at Denver, Colorado, this  11th  day of      May          , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court